Adam I. Gafni, Cal. Bar No. 230045
Sascha Meisel, Cal. Bar No. 293841
LAW OFFICES OF ADAM I. GAFNI
2811 Wilshire Blvd., Suite 780
Santa Monica, California 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com;
sascha@gafnilaw.com

Attorneys for Plaintiff, BARRY ROSEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN,<br><br>Plaintiff,<br><br>vs.<br><br>R & R AUCTION COMPANY, LLC DBA RR AUCTION; R&R ENTERPRISES COMPANY; ROBERT "BOB" OR "BOBBY" EATON; and DOES 1-10.<br><br>Defendants. | Case No.: **2:15-cv-07950**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, BARRY ROSEN ("Plaintiff"), by and through his attorneys of record, alleges against R & R AUCTION COMPANY, LLC DBA RR AUCTION;

R&R ENTERPRISES COMPANY; ROBERT "BOB" OR "BOBBY" EATON; and DOES 1 -10, inclusive (collectively "Defendants") as follows:

## I. THE PARTIES

1. Plaintiff Barry Rosen ("Plaintiff") is a professional photographer who currently and at all relevant times has resided within the County of Los Angeles, California. Plaintiff's images at issue are copyrighted images, registered with the United States Copyright Office, to which Plaintiff owns all rights, title, and interest.

2. Plaintiff is informed and believes that Defendant R & R AUCTION COMPANY, LLC DBA RR AUCTION was and is a New Hampshire Limited Liability Corporation which in conjunction with the other Defendants operates a nationwide auction business that involves soliciting, advertising, and targeting consignors, sellers, buyers, and other auction sites nationwide and in California.

3. Plaintiff is informed and believes that R&R ENTERPRISES COMPANY is a business of unknown entity type and believed to be a trade name or "dba" of R & R AUCTION COMPANY, LLC DBA RR AUCTION. Collectively, R&R ENTERPRISES COMPANY and R & R AUCTION COMPANY, LLC DBA RR AUCTION shall be referred to as "RR Auction."

4. Plaintiff is informed and believes that Defendant Robert "Bob" or "Bobby" Eaton ("Eaton"), during all relevant times, has been a sole or substantial owner of RR Auction and has directed, authorized and/or ratified the infringing activities and policies that led to the infringements at issue in this case, including but not limited to a policy of continuing to upload, copy, display, distribute and/or use copyrighted images of others for profit without obtaining proper licenses for such images and doing so despite actual and/or constructive knowledge that such constitutes copyright infringement and infringing the rights of others, including Barry Rosen.

5. Plaintiff is informed and believes that an eBay seller known as timanne2000, now known to be Timothy D. Frystak, along with Does 1-10, while acting as an agent of Defendants, and under their direction and control for their financial benefit, copied, uploaded, publically displayed and distributed without permission, an unauthorized print of Plaintiff's photograph, including on eBay as item number 310478091855. Plaintiff is informed and believes that Mr. Frystak and Does 1-10, were during all relevant times acting as the agents of the Defendants and/or informed them of the infringing conduct alleged herein.

6. Plaintiff does not presently know the true names and capacities of the Defendants named as Does 1 through 10, and therefore sues such Defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known Defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave from the Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe Defendant and the known named defendants above are referred to collectively as "Defendants."

7. Plaintiff is informed and believes that Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefore. Plaintiff is informed and believes that at some unknown time the Defendants, or some of them, entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein; the actions described below were taken in furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein. Plaintiff is informed and believes that each of the

Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

## II. JURISDICTION AND VENUE

8. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint.

9. This action is for damages and permanent injunctive relief arising from Defendants' copyright infringements in violation of the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

10. ***Subject Matter Jurisdiction:*** This action arises under the Copyright Act, 17 U.S.C. sections 101 *et seq.* and 501(a) *et seq.* This Court has original subject matter jurisdiction over all claims, pursuant to 28 U.S.C. sections 1331 and 1338(a).

11. ***Venue:*** Plaintiff is informed and believes that venue is proper in this Court, pursuant to 28 U.S.C. section 1391(b) and (c) and section 1400(a) in that the claims arise in this Judicial District, the injury suffered by Plaintiff took place in this judicial district, and the Defendants transact business in this judicial district.

12. ***Personal Jurisdiction:*** Plaintiff is informed and believes that personal jurisdiction is proper over the Defendants because for years, among other reasons, Defendants operated and/or currently operate commercial businesses focused on celebrity Hollywood memorabilia and photographs and through which Defendants knowingly, systematically, and continuously transacted or transact business and enter or entered into contracts on an ongoing basis with and solicit, target, and provide or provided services to individuals or companies in California, including within the County of Los Angeles, and Defendants have engaged in intentional acts that willfully infringed or assisted in the infringement of Plaintiff's copyrights

within California after receiving knowledge of Plaintiff's residence in Los Angeles and caused injury therein to Plaintiff in California.

13. Plaintiff is further informed and believes that Defendants operate a sophisticated highly interactive website(s) and variety of outlets through which it transacts business, conducts sophisticated live auctions, interacts with customers, bidders, consignors, and others, and through which it targets and solicits customers, bidders, consignors, and others, and otherwise engages in continuous contact nationwide and in California.

14. Plaintiff is informed and believes that, on a monthly basis, Defendants specifically auction through their website(s) autographs and photos of "vintage Hollywood stars" of which it purposely seeks to solicit and obtain merchandise from consignors who are located in California.

15. Plaintiff is informed and believes that Defendants also systematically contract with vendors in California integral to their business, including, eBay, Facebook, Paypal, among others.

16. Plaintiff is further informed and believes that personal jurisdiction is proper over the Defendants because Defendants had actual and/or imputed or constructive knowledge of the harm they were causing to Plaintiff in Los Angeles County and the State of California from, *inter alia*, a Digital Millennium Copyright Notice sent to eBay concerning the posting of Plaintiff's images on eBay by the account held nominally by Mr. Frystak, wherein Plaintiff informed Defendants of his copyrights in the subject photograph.

17. Defendants nonetheless failed to remove the identified copyright infringements from being displayed on multiple websites and continued to willfully copy, display, and electronically distribute the photographs, intentionally injuring Plaintiff in this jurisdiction. Plaintiff is informed and believes that Defendants have sufficient contacts within California such that exercising personal

jurisdiction over Defendants is proper and would not offend traditional notions of fair play and substantial justice.

## III. FACTUAL ALLEGATIONS

18. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint

19. Plaintiff Rosen is an individual photographer. Plaintiff created the photograph at issue in this case. The photograph consists of material original to Plaintiff and is copyrightable subject matter. Plaintiff is the owner of all rights, title, and interest in the Photograph.

20. Plaintiff is informed and believes that, prior to the time of the infringements alleged herein, Plaintiff had registered the photograph at issue and had been issued a Certificate of Registration. Specifically, the copyright name and number of the photograph is as follows: Anna Kournikova 14: VA 1-239-760 ("Photograph").

21. The Photograph was not a "work for hire".

22. Plaintiff is informed and believes that the Defendants at all relevant times were and are in the business of selling celebrity photographs and memorabilia online, through various websites, including but not limited to rrauction.com and conducted auctions copied, uploaded, displayed, distributed, attempted to sell and/or sold at least two (2) unauthorized copies of the Photograph on rruactions.com as well as other sites and copying of the Photograph through the creation of ancillary marketing and advertising material.

23. Within the last three years, Plaintiff has discovered the Defendants infringing activity and could not have reasonably discovered that Defendants unlawfully copied, publicly displayed, uploaded/downloaded, and distributed the copyright registered photograph and pending photographs without a license on

eBay, among other sites, constituting direct copyright infringement, pursuant to sections 106 and 501 of the Copyright Act (17 U.S.C sections 106 and 501).

24. Plaintiff is informed and believes that the Defendants, without authorization or permission from Plaintiff, unlawfully copied/reproduced, uploaded/downloaded, caused to be uploaded/downloaded, publicly displayed, distributed, and attempted to sell the Photograph to a global audience on the World Wide Web via rruactions.com among other sites.

25. Plaintiff is informed and believes that at all relevant times the infringing Photograph at issue was publicly accessible and actually distributed to members of the public and continued to be so displayed at various locations as a result of Defendants' infringing activities.

26. Further, plaintiff is informed and believes that Defendants acted recklessly in disregard of the copyrights of Plaintiff and others, and licenses that would be required to upload and display and distribute photographs.

27. Plaintiff is informed and believes that Defendants failed to obtain licenses for the upload, use, display, distribution and copying of the Photograph and knew that they had no copyright in or right to copy, use, display, upload, and distribute the Photograph.

28. Plaintiff is informed and believes that Defendants have actual knowledge that copyright licenses are required to copy, use, display, upload, and distribute the Photograph in the manner in which they did as evidenced, inter alia, by the statements on http://www.rrauction.com/user_agreement.cfm, that are attributable to Defendants:

> All materials on this site, including, but not limited to, images, illustrations (the "Materials") are protected by copyrights which are owned or licensed by the Company. You may not reproduce, perform, create derivative works from, republish, upload, post, transmit, or distribute in any way whatsoever any Materials from rrauction.com or

> any other web site owned or operated by the Company without the prior written permission of the Company. However, you may download or make one copy of the Materials, and other downloadable items displayed on the site, for personal non-commercial home use only, provided all copyright and other notices contained in the Materials are left intact. Any modification of the Materials, or any portion thereof, or use of the Materials for any other purpose constitutes an infringement of the Company's copyrights and other proprietary rights. Use of these Materials on any other web site or other networked computer environment is prohibited without prior written permission from the Company.

29. Plaintiff is informed and believes that Defendants are repeat infringers and have already been provided with knowledge and warning of their infringing activates by actual, imputed and constructive notice, including but not limited to through “DMCA” notice forwarded to Frystak by eBay and prior lawsuit(s) by Rosen and/or others, among other sources of knowledge.

30. Defendants’ unlawful acts have interfered with and undermined Plaintiff’s ability to market Plaintiff’s own original photographic work, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic works.

31. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

32. Defendants, by contributing to the unauthorized appropriation and use of Plaintiff’s original photographic works, have been and are engaging in acts of unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff’s goodwill and the public acceptance of Plaintiff’s original photographic works.

## IV. FIRST CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. 106 and 501
## (Against All Defendants)

33. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint.

34. Plaintiff owns all rights, titles, and interests in and to the copyright for the Photograph, the use of which has not been licensed to Defendants.

35. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. section 101 et seq. (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute and publicly display the Photograph. (17 U.S.C. §§ 106(1), (3), and (5).)

36. By the actions alleged above, Defendants have infringed on Plaintiff's copyrights by copying, displaying, publishing, and distributing Plaintiff's copyrighted Photograph without permission to a global audience on the World Wide Web.

37. Defendants misappropriated Plaintiff's copyrights in the Photograph with actual and/or constructive knowledge that the Photograph at issue did not belong to Defendants; Defendants thereby willfully engaged in unauthorized use, copying, distribution, and/or display of Plaintiff's copyrighted Photograph.

38. Plaintiff is informed and believes that Defendants' acts of infringement were ongoing, willful, intentional, and purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights in that Defendants knew or recklessly failed to know that they did not have the rights to use the Photograph in the manner in which they used the Photograph in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. sections 106 et seq. and 501 et seq.).

39. Plaintiff is informed and believes that, by the actions alleged above, Defendants violated Plaintiff's exclusive rights as the copyright owner to

reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 101 et. seq., making Defendants liable for willful direct copyright infringement.

40. As a direct and proximate result of Defendants' infringements, Plaintiff was damaged and is entitled to recover from Defendants the damages, including attorney's fees, he has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of their acts of infringement alleged above. At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Plaintiff also seeks to recover statutory damages for Defendants' infringement of his copyrights of up to $150,000.00 per infringement.

41. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

## V. SECONDARY COPYRIGHT INFRINGEMENT

**(Against All Defendants)**

42. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint.

43. Plaintiff is informed and believes that the Defendants own, operate, control, and manage the website rrauction.com (and all related sub URLs) and have the right and ability to control the infringing conduct alleged herein and derived and/or attempted to derive a direct financial benefit from the conduct alleged herein.

44. Plaintiff is also informed and believes that after Defendants had actual and/or constructive knowledge of the infringing conduct, they willfully continued to infringe Plaintiff's copyrights.

45. As a result of the aforementioned conduct, Plaintiff has sustained damages and/or is entitled to an award of statutory damages for the works which were

registered at the time the infringement commenced.

46. Plaintiff has been forced to incur attorneys' fees and costs in connection with this infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For Plaintiff's actual damages.
2. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct.
3. For statutory damages under the Copyright Act of up to $150,000.00 per infringement and,
4. For prejudgment interest.
5. For attorneys' fees and costs.
6. For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:
   a. enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and
   b. the seizure of all property made in, or used to assist in, the violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. § 503, including, but not limited to, all copies of the Photograph, all domains, and all servers and other computer equipment used to publish, broadcast, or archive the Photograph; and
7. For such other and further relief as this Court deems just and appropriate.

Dated: October 9, 2015 LAW OFFICES OF ADAM I. GAFNI

By: /s/ Adam I. Gafni
Adam I. Gafni
Attorneys for Plaintiff
Barry Rosen

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: October 9, 2015

LAW OFFICES OF ADAM I. GAFNI

By: /s/ Adam I. Gafni

Adam I. Gafni
Attorneys for Plaintiff
Barry Rosen